IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00381-RPM

PURE RESEARCH PRODUCTS, L.L.C.,

       Plaintiff,

v.

ALLERGY RESEARCH GROUP, INC., d/b/a
NUTRICOLOGY

       Defendant.

_____

ORDER DENYING PLAINTIFF'S POST-VERDICT MOTIONS
_____

In this civil action between competitors in the market for dietary supplements, the jury returned a verdict finding that the defendant Allergy Research Group (ARG) violated the Lanham Act by falsely designating the origin of its product, Russian Choice Immune, as the same as that sold by Pure Research Products (PRP) as Del-Immune V and that ARG falsely advertised the products as being the same. The jury found that the plaintiff did not sustain any damages from these violations.

The plaintiff now claims that it should be awarded the defendant's profits under 11 U.S.C. § 1117(a) as an equitable remedy for the defendant's wrongful conduct, claiming that ARG was unjustly enriched by those violations. To grant that relief would be contrary to the jury's findings that PRP was not injured by the defendant's marketing conduct.

PRP presented its case to the jury in an attempt to recover the defendant's profits from the sale of Russian Choice Immune on the contention that these sales

would not have been attained if ARG had not confused the market by suggesting that it was selling the same product that it had formerly purchased from PRP and sold under the name Delta Immune.  The plaintiff made no effort to prove that it lost sales of Del-Immune V because purchasers of Russian Choice Immune thought they were buying plaintiff's product or because Russian Choice Immune would not have been available in the market.  That choice is understandable because there is no suggestion of evidence that would support such a finding.

If this Court were to consider the evidence independently of the jury's determination, the relief requested would not be granted on the evidence presented at trial and the plaintiff has not offered any suggestion of any additional evidence that could be submitted at a further hearing.

What is apparent from the evidence in this case is that there is substantial demand for dietary supplements thought to be beneficial in improving the natural immune system to ward off disease and to restore good health.  The presumed benefits of these products are based on anecdotal reports as contrasted with the empirical research required to support claims of safety and efficacy required for pharmaceutical products regulated by the Food and Drug Administration.

The anecdotal reports cited in support of the products at issue in this case refer back to vague assertions that Soviet scientists developed them in efforts to defend against such biological weapons as anthrax and to mitigate the effects of radiation exposure from the Chernobyl incident.

There is no clarity as to the origin of either of the products in this case.  All that is certain is that some strain of bacteria that is helpful to the digestive system is the central

element of both products. John Sichel testified at length concerning his discussions with people in Russia concerning their work on a strain of bacteria but there was no specificity as to those discussions. At trial, Mr. Sichel's wife testified that she isolated the strain of bacteria as lactobacillus rhamnosus in 1998. That is said to be different from lactobacillus delbrueckii that was identified earlier by Russian researchers.

There are differences in the plaintiff's and defendant's marketed products shown by laboratory analyses. It is not clear whether those differences have any significance to the purchasers of these products.

The channels of commerce for the sale of the parties' products are different. PRP makes sales by internet marketing and sells directly to consumers. ARG also has website advertising with linkages and makes the largest percentage of its sales to health care professionals who are established customers for this and other products.

Apart from all other considerations, this Court will not grant equitable relief by an award of lost profits or for an injunction because the plaintiff has engaged in inequitable conduct. John Sichel is the owner of PRP. He contacted ARG to develop the market for Del-Immune V and the defendant invested in the promotion of this product. Mr. Sichel participated in that promotion and agreed to sell product to ARG. The parties contemplated a distributorship or license agreement. In the course of negotiations, Mr. Sichel suggested that ARG use the name Del-Immune for its marketing and sales to its channels of commerce while he used Del-Immune V. PRP's sales were greatly enhanced by ARG's efforts.

When the parties failed to reach a definitive agreement on the terms and

conditions of a formal distributorship agreement or licensing agreement, Mr. Sichel abruptly refused to provide product to fill purchase orders submitted to PRP by ARG. Counsel for PRP then abruptly notified ARG that it must cease and desist the use of the Del Immune label and threatened its customers after the filing of this action.

The reasoning behind the refusal to award defendant's profits to the plaintiff for Lanham Act violations also supports refusal to grant injunctive relief as requested by another of plaintiff's motions, filed pursuant to 15 U.S.C. § 1116.  Additionally, the plaintiff has failed to show that it has suffered any irreparable injury warranting injunctive relief and it has failed to show that granting such relief would be in the public interest. Indeed, it is in the public interest to adopt the wisdom of the jury in this case to leave these parties to their own devices.

A third motion by the plaintiff seeks an award of attorney's fees under 15 U.S.C. § 1117(a) as the prevailing party and to characterize this as an exceptional case because the defendant's conduct should be considered malicious, fraudulent, deliberate or willful.  The evidence does not support a finding to that effect.  While the defendant violated the technical provisions of the Lanham Act, it did so in self defense after the plaintiff abruptly terminated their business relationship and left ARG without a product to meet the demand that it had created by its extensive marketing and product development for the benefit of PRP as well as the defendant's business.  What this case comes down to is that having used the resources and services of ARG to develop a market, PRP cut it off to obtain those benefits for itself.  This Court concurs with the jury's determination that no remedy should be granted as a reward for that conduct. Upon the foregoing, it is

ORDERED that Plaintiff's Motion for Award of Damages under 11 U.S.C. § 1117(a): Defendant's Profits [148]; Plaintiff's Motion for Injunctive Relief [149] and Plaintiff's Motion for Determination of Defendant's Liability for Award of Plaintiff's Attorneys Fees under 15 U.S.C. § 1117(a) are denied and that final judgment will enter denying the plaintiff all relief and dismissing this civil action.

DATED: December 15th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge